Filed 9/30/14; pub. order 10/30/14 (see end of opn.)

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059809 |
| v. | (Super.Ct.No. RIF078113) |
| WILLIE LEE BROWN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. James S. Hawkins, Judge. Affirmed.

John L. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Anthony Da Silva and Peter Quon, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

This is an appeal by defendant and appellant Willie Lee Brown, a "Three Strikes" prisoner who was serving an indeterminate life sentence, following the trial court's order denying defendant's petition to recall his sentence under the Three Strikes Reform Act of 2012, added by Proposition 36 (the Reform Act). (Pen. Code, § 1170.126.)[1] On appeal, defendant argues (1) a trial court has the authority to strike a disqualifying prior conviction allegation under section 1385 and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*) at a sentencing recall hearing brought under section 1170.126; and (2) because the trial court believed it did not have such authority, the matter must be remanded. For the reasons explained below, we reject defendant's contention.

I

FACTUAL AND PROCEDURAL BACKGROUND[2]

On September 22, 1997, a store manager at a Moreno Valley Payless/Rite Aid store saw defendant place two cameras into his briefcase before walking into the store's restroom. When the manager entered the restroom, he heard defendant behind a closed stall door tearing boxes. The manager found empty camera boxes in the stall after defendant exited the restroom. Defendant was apprehended by the store manager and a security guard as he was about to exit the store. The two cameras, valued at a total of $169.98, were recovered from defendant.

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] The factual background is taken from the probation officer's report.

After police were contacted and defendant waived his constitutional rights, a sheriff's deputy interviewed defendant. Defendant, who was not carrying any identification, told the deputy that his name was "Willie James Lewis" and his birth date was January 1, 1965. After the deputy established defendant's identity using his fingerprints, the deputy issued defendant a citation and released him. The deputy later received information that defendant was wanted on a no-bail felony warrant for violating parole on a robbery case. Defendant was apprehended on March 26, 1998, during a traffic stop in Moreno Valley.

On October 2, 1998, a jury convicted defendant of petty theft with a prior theft conviction (§ 666). In a bifurcated proceeding, the trial court found true that defendant had suffered two prior prison terms (§ 667.5) and three prior serious and violent felony strike convictions (§§ 667, subds. (c) & (e)(2), 1170.12, subd. (c)), to wit, a 1978 robbery (§ 211); a 1991 robbery (§ 211); and a 1991 oral copulation by force (§ 288a, subd. (c)). On November 17, 1998, defendant was sentenced to a total term of 27 years to life in state prison with credit for time served.

On November 6, 2012, the electorate passed Proposition 36, also known as the Reform Act. Among other things, this ballot measure enacted section 1170.126, which permits persons currently serving an indeterminate life term under the "Three Strikes" law to file a petition in the sentencing court seeking to be resentenced to a determinate term as a second striker. (§ 1170.126, subd. (f).) If the trial court determines, in its

3

discretion, that the defendant meets the criteria of section 1170.126, subdivision (e), the court may resentence the defendant.  (§ 1170.126, subds. (f), (g).)

On March 20, 2013, defendant filed a petition to request resentencing under section 1170.126.  The People opposed the petition on the grounds that defendant was statutorily ineligible under the Reform Act because he was convicted of robbery and oral copulation by force and because he posed an unreasonable risk of danger to public safety.

The trial court heard the petition on September 20, 2013.  At that time, the trial court noted that defendant was not eligible and there was "nothing" the court could "do."  While acknowledging he had found no cases on the subject, defense counsel replied that the court had "an inherent power" to strike priors in the interest of justice as was decided by the *Romero* decision, and that power applied to a petition to recall a sentence and be resentenced as a second striker.  The prosecutor responded that section 1385 and *Romero* did not apply to Proposition 36 resentencing.  Following further discussions between defense counsel and the court, the trial court denied the petition based on section 1170.126, but not on the grounds of dangerousness.

On October 11, 2013, defendant filed a notice of appeal.[3]

_____

[3] The appealability of the denial of a section 1170.126 petition is currently being considered by the Supreme Court.  (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708 [court held it was not appealable]; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017 [court held it was appealable].)  Even if we were to conclude it was a nonappealable order, we could, in the interest of judicial economy and because of uncertainty in the law, treat defendant's appeal as a petition for writ of habeas corpus or petition for writ of mandate.  (See *People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4 [treating appeal from nonappealable order as petition for writ of habeas corpus]; *Drum v.*

*[footnote continued on next page]*

4

II

DISCUSSION

The issue presented in this case is whether a trial court's discretion to strike a prior felony conviction in the furtherance of justice extends to determinations of a petitioner's eligibility for resentencing under the Reform Act. Relying on the principles of statutory interpretation, defendant argues trial courts have the discretionary power to strike a prior felony conviction when determining eligibility under the Reform Act. He, therefore, believes the matter should be remanded to allow the trial court to exercise its discretion as to whether the disqualifying prior strike conviction should be stricken under section 1385 and *Romero* and to reconsider the petition.

The People preliminarily respond that the trial court's order denying defendant's petition is not appealable. The People further assert that the plain language of the Reform Act unambiguously sets out three criteria an inmate must satisfy in order to be eligible for resentencing under the Reform Act, and that nothing in the statute authorizes the trial court to exercise its discretion to disregard the application of a criteria, or to weigh one criteria different from others.

---

*[footnote continued from previous page]*
*Superior Court* (2006) 139 Cal.App.4th 845, 852-853 [Fourth Dist., Div. Two] [treating appeal as petition for writ of mandate due to uncertainty in the law].) In any event, we will review defendant's appeal.

A. *Principles of Statutory Interpretation*

"In interpreting a voter initiative like [the Reform Act], we apply the same principles that govern statutory construction. [Citation.]" (*People v. Rizo* (2000) 22 Cal.4th 681, 685.) " 'The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.]' " (*Horwich v. Superior Court* (1999) 21 Cal.4th 272, 276.) "In determining intent, we look first to the words themselves. [Citations.] When the language is clear and unambiguous, there is no need for construction. [Citations.] When the language is susceptible of more than one reasonable interpretation, however, we look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part. [Citations.]" (*People v. Woodhead* (1987) 43 Cal.3d 1002, 1007-1008; see *People v. Verduzco* (2012) 210 Cal.App.4th 1406, 1414.)

We also " 'refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.' [Citation.]" (*People v. Rizo*, *supra*, 22 Cal.4th at p. 685.) "Using these extrinsic aids, we 'select the construction that comports most closely with the apparent intent of the [electorate], with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences.' [Citation.]" (*People v. Sinohui* (2002) 28 Cal.4th 205, 212.) " ' "The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating

6

to the same subject matter must be harmonized to the extent possible. [Citation.]" ' "
(*People v. Mohammed* (2008) 162 Cal.App.4th 920, 928.) " '[W]e do not construe
statutes in isolation, but rather read every statute "with reference to the entire scheme of
law of which it is part so that the whole may be harmonized and retain effectiveness."
[Citation.]' [Citation.]" (*Horwich v. Superior Court*, *supra*, 21 Cal.4th at p. 276.)

B.      *The Reform Act*

In approving the Reform Act, the voters found and declared that its purpose was to
prevent the early release of dangerous criminals and relieve prison overcrowding by
allowing low-risk, nonviolent inmates serving life sentences for petty crimes, such as
shoplifting and simple drug possession, to receive twice the normal sentence instead of a
life sentence. (Voter Information Guide, Gen. Elec. (Nov. 6, 2012) text of Prop. 36, § 1,
subds. (3), (4) & (5), p. 105; see Historical and Statutory Notes, 49 West's Ann. Pen.
Code (2014 supp.) foll. § 667, pp. 40-41.) [4] The electorate also approved a mandate that
the Reform Act be liberally construed to effectuate the protection of the health, safety,
and welfare of the People of California. (Voter Information Guide, *supra*, text of
Prop. 36, § 7, p. 110.) Accordingly, we liberally construe the provisions of the Reform
Act in order to effectuate its foregoing purposes.

---

[4] Defendant requests that we take judicial notice of the Official Voter Information
Guide for the California General Election of November 6, 2012, pages 48-53 and pages
105-110, relating to the Reform Act. We will grant that request pursuant to Evidence
Code sections 452 and 459.

7

The Reform Act amended the three strikes statutes (§§ 667, 1170.12) to require that before a defendant may be sentenced to an indeterminate life term in prison under the Three Strikes law, the new felony (the commitment offense) must generally qualify as a serious or violent felony. (§§ 667, subd. (e)(2)(A), (C), 1170.12, subd. (c)(2)(A), (C).) The Reform Act also created section 1170.126, which provides a procedure for resentencing "persons presently serving an indeterminate term of imprisonment" under the Three Strikes law, "whose sentence under this act would not have been an indeterminate life sentence." (§ 1170.126, subd. (a).) Such a person may file a petition to recall his or her sentence and be sentenced as a second strike offender. (§ 1170.126, subd. (b).) An inmate is eligible for such resentencing if none of his or her current commitment offenses constitutes serious or violent felonies and none of the enumerated factors disqualifying an inmate for resentencing under the Reform Act applies. (§ 1170.126, subd. (e).) Resentencing of eligible inmates may, nonetheless, be refused if the trial court, " 'in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' " (§ 1170.126, subd. (f); see (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 170.) In determining whether the inmate poses such a risk, the court may consider the inmate's criminal conviction history, disciplinary record and rehabilitation records while incarcerated, and "[a]ny other evidence the court, within its discretion, determines to be relevant . . . ." (§ 1170.126, subd. (g).)

Defendant's current commitment felony offense of petty theft is not a serious or violent felony under section 667.5, subdivision (c), or section 1192.7, subdivision (c).

8

However, the inquiry does not end with whether or not the current conviction is a serious or violent felony. As previously noted, an inmate is eligible for such resentencing if none of his or her current commitment offenses constitute serious or violent felonies *and none of the enumerated factors* disqualifying a defendant for resentencing under the Reform Act are present. (§ 1170.126, subd. (e).)

Subdivision (e)(3) of section 1170.126 provides that an inmate who is otherwise qualified for resentencing is only eligible if "[t]he inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." Both section 667, subdivision (e)(2)(C)(iv), and section 1170.12, subdivision (c)(2)(C)(iv), in pertinent part, list the following offenses:

"(I) A 'sexually violent offense' as defined by subdivision (b) of Section 6600 of the Welfare and Institutions Code.

"(II) Oral copulation with a child who is under 14 years of age, and who is more than 10 years younger than he or she as defined by Section 288a, sodomy with another person who is under 14 years of age and more than 10 years younger than he or she as defined by Section 286, or sexual penetration with another person who is under 14 years of age, and who is more than 10 years younger than he or she, as defined by Section 289."

Welfare and Institutions Code section 6600, subdivision (b), defines "sexually violent offense" as any one of several enumerated offenses, including Penal Code

9

section 288a, "when committed by force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim or another person, or threatening to retaliate in the future against the victim or any other person . . . ."

Here, it is undisputed that defendant's underlying 1991 forced oral copulation offense in violation of section 288a, subdivision (c), is a "sexually violent offense" listed in Welfare and Institutions Code section 6600, subdivision (b), thereby precluding defendant from being eligible to petition for recall of his sentence and resentencing under section 1170.126, subdivision (e).  Defendant, however, maintains that a trial court has the authority under section 1385 to strike the prior disqualifying offense based on the plain language of section 1170.126 and the intent of the Legislature.  We find defendant's arguments unpersuasive.

Initially, we note that defendant's contention is not an arguable issue on appeal.  A trial court does not have general jurisdiction to resentence a criminal defendant after execution of sentence has begun.  (See *People v. Howard* (1997) 16 Cal.4th 1081, 1089.)  Section 1385 does not grant the court such jurisdiction.  Defendant's sentence is not clearly unauthorized, so as to be subject to correction at any time.  (See *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1205.)

Furthermore, the *Romero* decision was limited to whether the Legislature had withdrawn the court's section 1385 statutory power to strike prior felony conviction allegations under the Three Strikes law as set out in sections 667, subdivisions (b) through (i), and section 1170.12 in the furtherance of justice.  The *Romero* court

10

explained: "The Three Strikes law, itself, expressly approves the striking of prior felony conviction allegations (§ 667[, subd.] (f)(2)), presumably for the purpose of affecting sentencing, since the striking of such allegations has no other purpose. Moreover, it is well established that a court may exercise its power to strike under section 1385 'before, during or after trial,' up to the time judgment is pronounced. [Citations.]" (*Romero*, *supra*, 13 Cal.4th at p. 524, fn. 11.)

Moreover, defendant's interpretation of section 1170.126 is flawed. Section 1170.126 grants a trial court the power to determine an inmate's eligibility to be resentenced under the Reform Act *only if* the inmate satisfies the three criteria set out in subdivision (e) of the statute, as previously noted, and contains no provision authorizing a trial court to disregard the required criteria. (§ 1170.126, subd. (e).) Rather, the plain language of subdivision (e) clearly provides that an inmate must first satisfy each criteria set out in subdivision (e) of section 1170.126 *before* he or she can be resentenced under the Reform Act, and gives the trial court no discretion to depart from the three-step requirement. In other words, if the inmate does not satisfy one or more of the criteria, section 1170.126 grants the trial court *no power* to do anything but deny the petition for recall of sentence.

Defendant points to subdivision (f) of section 1170.126, which states in part: "Upon receiving a petition for recall of sentence under this section, the court shall determine whether the petitioner satisfies the criteria in subdivision (e). If the petitioner satisfies the criteria in subdivision (e), the petitioner shall be resentenced . . . unless the

11

court, *in its discretion*, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (Italics added.) Defendant suggests this language gives the trial court specific authority to decide whether an inmate is eligible to be resentenced under the Act. We do not read the language as giving the trial court authority to decide an inmate is qualified when that inmate does not meet all the eligibility criteria specified in subdivision (e) of section 1170.126. Rather, subdivision (f) of the statute plainly sets out the procedure a trial court is to follow *upon receipt* of a petition under section 1170.126. The plain language of subdivision (f) of the statute gives trial courts discretion only after an inmate satisfies the criteria set out in subdivision (e), and only in determining whether granting that relief would pose an unreasonable risk of danger even if the petitioner satisfies the criteria in subdivision (e). Indeed, the Legislature explicitly provided the sources of information a trial court may consider in exercising the discretion in determining whether the petitioner would pose an unreasonable risk to public safety. (§ 1170.126, subd. (g).) Subdivision (g) of the statute sets out the documentary evidence the trial court may review in exercising that discretion including "[a]ny other evidence the court, within its discretion, determines to be relevant . . . ." (*Ibid.*)

As the People note, the absence of discretionary authority in subdivision (e) of the statute shows the Legislature intended to withhold statutory power of a trial court to exercise its discretion in the furtherance of justice under section 1385 in determining a defendant's eligibility to be resentenced under the Reform Act. Clearly, the Legislature

12

expressly authorized a trial court to exercise its discretion when determining whether granting relief would pose an unreasonable risk of danger to public safety as noted in section 1170.126, subdivisions (f) and (g). However, the plain language of subdivision (e) of the statute authorizes no such discretionary power to a trial court in deciding an inmate's eligibility under the Reform Act.

Defendant also points to section 1170.126, subdivision (k), of the statute, which expressly states, "Nothing in this section is intended to diminish or abrogate any rights or remedies otherwise available to the defendant." (§ 1170.126, subd. (k).) That is correct, but it does not mean the Legislature intended to give a trial court the authority to exercise its discretion under section 1385 in determining whether a defendant is eligible to be resentenced under the Reform Act.

Contrary to defendant's argument, the plain and commonsense meaning of section 1170.126, subdivision (e), precludes a trial court from exercising its discretion in the furtherance of justice under section 1385 when determining whether an inmate has satisfied the three criteria set out in that subdivision.

We also take into account the rule of lenity. " 'That rule generally requires that "ambiguity in a criminal statute should be resolved in favor of lenity, giving the defendant the benefit of every reasonable doubt on questions of interpretation. But . . . 'that rule applies "only if two reasonable interpretations of the statute stand in relative equipoise." [Citation.]' [Citations.]" [Citations.]' [Citation.] 'The rule of lenity does not apply every time there are two or more reasonable interpretations of a

13

penal statute. [Citation.] Rather, the rule applies " 'only if the court can do no more than guess what the legislative body intended; there must be an egregious ambiguity and uncertainty to justify invoking the rule.' " [Citation.]' [Citation.]" (*People v. Nuckles* (2013) 56 Cal.4th 601, 611.) "Further, ambiguities are not interpreted in the defendant's favor if such an interpretation would provide an absurd result, or a result inconsistent with apparent legislative intent. [Citation.]" (*People v. Cruz* (1996) 13 Cal.4th 764, 783.)

An examination of the statutory scheme as a whole supports the conclusion that a trial court does not have the authority, in the furtherance of justice under section 1385, to determine eligibility for resentencing under the Reform Act. That our conclusion comports with the voters' intent is supported by the ballot materials related to the Reform Act. We recognize the "OFFICIAL TITLE AND SUMMARY" stated in part that the initiative "[m]aintains life sentence penalty for felons with nonserious, non-violent third strike if prior convictions were rape, murder, or child molestation." (Voter Information Guide, Gen. Elec. (Nov. 6, 2012) official title and summary, p. 48.) In summarizing then-existing law, the legislative analysis of the Reform Act listed, as examples of violent felonies, murder, robbery, and rape; as felonies that were serious but not violent, assault with intent to commit robbery; and as felonies not classified as violent or serious, grand theft (not involving a firearm) and possession of a controlled substance. (Voter Information Guide, Gen. Elec., *supra*, analysis of Prop. 36 by Legis. Analyst, p. 48.) In summarizing how the initiative measure would shorten sentences for some third strikers,

the Legislative Analyst explained there would be some exceptions to the shorter sentence: "Specifically, the measure requires that if the offender has committed certain new or *prior* offenses, including some drug-, *sex*-, and gun-related felonies, he or she would still be subject to a life sentence under the three strikes law." (*Id*. at p. 49, italics added.) The legislative analysis further described how certain current third strikers would be resentenced, but explained that the Reform Act "*limits eligibility for resentencing* to third strikers whose current offense is nonserious, non-violent, and who have not committed specified current and *prior* offenses, such as certain drug-, *sex*-, and gun-related felonies." (*Id*. at p. 50, italics added.) The legislative analysis also explains that trial courts "conducting these resentencing hearings would *first* determine whether the offender's criminal history makes them *eligible* for resentencing." (*Ibid.,* italics added.) Nowhere in the legislative analysis does it state that a trial court has discretion to determine eligibility notwithstanding the three-part criteria in subdivision (e) of section 1170.126.

Quoting from the legislative analysis of the background section of "Three Strikes Sentencing," defendant asserts "[t]he pamphlet *does* acknowledge a court's discretionary power." That section under the "Third Strike Offense," provides, "While the law requires the sentences described above, in some instances the court may choose not to consider prior felonies during sentencing. When this occurs, an offender who would otherwise be sentenced as a second or third striker would be sentenced to a lesser term than required under the three strikes law." (Voter Information Guide, Gen. Elec., *supra*, analysis of

15

Prop. 36 by Legis. Analyst, p. 49.)  However, this portion of the legislative analysis relates to when a trial court first sentences a defendant as a second striker, third striker, or a lesser sentence "in some instances" when a court chooses to do so.  This language does not relate to whether an inmate is eligible for resentencing under section 1170.126. Although the literal language of a statute does not prevail if it conflicts with lawmakers' intent (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735), it is nevertheless the most reliable indicator of that intent (*City of Santa Monica v. Gonzalez* (2008) 43 Cal.4th 905, 919).

It is clear the electorate's intent was not to allow a trial court to retain its section 1385 discretionary authority when determining whether an inmate is eligible for resentencing under the Reform Act.  Moreover, defendant fails to recognize that by allowing such authority in the context of a section 1170.126 petition to recall a sentence, an inmate would be given another bite at the apple to bring forth a *Romero* motion and argue his or her prior strike convictions should be stricken in the interest of justice. Presumably, a defendant had brought forth such a motion at his or her initial sentencing hearing.

16

## III

## DISPOSITION

The judgment is affirmed.

RAMIREZ
\
P. J.

We concur:


KING
\
J.


CODRINGTON
\
J.

Filed 10/30/14

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059809 |
| v. | (Super.Ct.No. RIF078113) |
| WILLIE LEE BROWN, | The County of Riverside |
| Defendant and Appellant. | |

THE COURT

A request having been made to this court pursuant to California Rules of Court, rule 8.1120, for publication of a nonpublished opinion filed in the above entitled matter on September 30, 2014, and it appearing that the opinion meets the standard for publication as specified in California Rules of court, rule 8.1105(c),

IT IS ORDERED that said opinion be certified for publication pursuant to California Rules of Court, rule 8.1105(b).

CERTIFIED FOR PUBLICATION

RAMIREZ
P. J.

We concur:

KING
J.

CODRINGTON
J.

1

MAILING LIST FOR CASE: E059809
The People v. Willie Brown

Superior Court Clerk
Riverside County
P.O. Box 431 - Appeals
Riverside, CA 92502


Peter Quon, Jr.
Office of the State Attorney General
P.O. Box 85266
San Diego, CA 92186-5266


John L. Dodd
17621 Irvine Boulevard, Suite 200
Tustin, CA 92780


Appellate Defenders, Inc.
555 West Beech Street, Suite 300
San Diego, CA  92101-2396


District Attorney
County of Riverside
3960 Orange Street, #100
Riverside, CA  92501


Department of Corrections
P.O. Box 942883
Sacramento, CA  94283 0001

2