Filed 4/14/15  P. v. Israel CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039971 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. CC440664) |
| v. | |
| MAX LEE ISRAEL, | |
| Defendant and Appellant. | |

Defendant Max Lee Israel appeals from an order reducing his sentence pursuant to Penal Code section 1170.126,[1] the resentencing provision of the Three Strikes Reform Act of 2012.  On appeal, defendant contends that the trial court erred in refusing to consider a *Romero*[2] motion to vacate his prior strike convictions.  As set forth below, we will affirm.

---

[1] Subsequent unspecified statutory references are to the Penal Code.

[2] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

On April 6, 2005, a jury convicted defendant of one count of carjacking (§ 215), one count of vehicle theft with a prior conviction (Veh. Code, § 10851, subd. (a); § 666.5), and one count of evading an officer with reckless driving (Veh.Code, § 2800.2, subd. (a)). The jury found true an allegation that defendant was armed with a firearm when he committed the carjacking (§ 12022, subd. (a)(1)). In a bifurcated proceeding, the trial court found true allegations that defendant had three prior strike convictions (§§ 667, subds. (b)-(i); 1170.12), two prior serious felony convictions (§ 667, subd. (a)), and four prior prison terms (§ 667.5, subd. (b)).

On August 26, 2005, the trial court denied a *Romero* motion brought by defendant. That same day, the trial court sentenced defendant to a total prison term of 75 years to life consecutive to 10 years, as follows: a term of 25 years to life for the carjacking, a consecutive term of 25 years to life for the vehicle theft, a consecutive term of 25 years to life for the reckless evasion, and a consecutive term of 10 years for the two prior serious felony convictions.

Defendant appealed from the judgment of conviction, making claims of insufficient evidence, evidentiary error, and improper imposition of consecutive sentences. In an unpublished opinion, this court affirmed the judgment of conviction.

On November 20, 2012, defendant filed a pro se "Request for New Sentencing Under Proposition 36." The trial court appointed the public defender to represent defendant on the resentencing matter. The district attorney opposed resentencing, arguing that defendant was ineligible for resentencing due to his carjacking conviction.

---

[3] The facts underlying the crimes of conviction and the prior strike convictions are not relevant to the issue presented on appeal. We therefore will not summarize those facts.

The trial court ruled that defendant was eligible for resentencing, pursuant to section 1170.126, on the vehicle theft and reckless evasion counts.

On July 18, 2013, defendant filed a motion to represent himself. At a hearing that same day, defendant stated that he was ready to immediately proceed on the resentencing, and the trial court granted defendant's self-representation motion. Upon the grant of self-representation, defendant stated his desire to file "motions to strike [his] prior strike allegations," and he requested "a 30-day continuance to prepare [himself] for the *Romero* hearing." The trial court stated that defendant had a *Romero* hearing when he was originally sentenced in 2005, and that *Romero* relief was denied at that time. The trial court ruled that it would not consider a new *Romero* motion, explaining: "I know of nothing under the law that would allow a re-litigation of a *Romero* hearing which was initially heard by the trial court after the verdict prior to sentencing. . . . [¶] There is nothing in the law under section 1170.126 or Prop. 36 which says at a resentencing hearing that the Court will re-litigate a *Romero* hearing."

Immediately after denying defendant's *Romero* request, the trial court resentenced defendant. The trial court found that defendant did not pose an "unreasonable risk of danger to the public safety if he were resentenced," and it stated that it would resentence defendant "as a two-strike offender" on the vehicle theft and reckless evasion counts. The trial court sentenced defendant to a consecutive term of two years for the vehicle theft and a consecutive term of one year four months for the reckless evasion. The trial court noted that defendant's total sentence was now 25 years to life consecutive to 13 years four months.

**DISCUSSION**

Defendant asserts that the "plain language" of the Three Strikes Reform Act of 2012 "makes it clear" that a trial court has authority to "entertain any request pursuant to *Romero* to vacate one or more strike priors at the resentencing hearing." He contends

3

that if the trial court here had been aware it possessed such authority, it could have vacated all of his prior strikes and imposed sentences on the vehicle theft and reckless evasion counts "as if there were *no* strikes." (Italics in original.) He accordingly requests that we reverse the trial court's resentencing order, remand the matter for a new resentencing hearing, and direct the trial court to consider a *Romero* motion to vacate his prior strike convictions.

Defendant's argument largely ignores the circumstance that he brought a *Romero* motion when he was originally sentenced in 2005, and that his *Romero* motion was denied at that time. As explained below, defendant has failed to show that he was entitled to relitigate his *Romero* motion as part of his resentencing, and we therefore will affirm the resentencing order.

### *The Three Strikes Reform Act of 2012*

On November 6, 2012, the voters approved Proposition 36, the Three Strikes Reform Act of 2012 (hereafter "the Act"), which amended sections 667 and 1170.12 and added section 1170.126. "The Act changes the requirements for sentencing a third strike offender to an indeterminate term of 25 years to life imprisonment. Under the original version of the "Three Strikes" law a recidivist with two or more prior strikes who is convicted of any new felony is subject to an indeterminate life sentence. The Act dilutes the Three Strikes law by reserving the life sentence for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor. In all other cases, the recidivist will be sentenced as a second strike offender. (§§ 667, 1170.12.) The Act also created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the Three Strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of

4

danger to public safety.  (§ 1170.126.)"  (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168 (*Yearwood*).)

### Section 1385 and Romero

Section 1385 authorizes a trial court to dismiss an action "in furtherance of justice."  (§ 1385, subd. (a).)  In *Romero*, the California Supreme Court held that, in cases brought under the Three Strikes law, trial courts have authority to strike prior felony conviction allegations pursuant to section 1385.  (*Romero, supra,* 13 Cal.4th at p. 504.)  "[T]he *Romero* decision was limited to whether the Legislature had withdrawn the court's section 1385 statutory power to strike prior felony conviction allegations under the Three Strikes law as set out in sections 667, subdivisions (b) through (i), and section 1170.12 in the furtherance of justice."  (*People v. Brown* (2014) 230 Cal.App.4th 1502, 1511 (*Brown*).)

### Standard of Review and Principles of Statutory Interpretation

Defendant's appeal requires us to interpret the language of the Act.  "Issues of statutory interpretation are questions of law subject to de novo review."  (*People v. Simmons* (2012) 210 Cal.App.4th 778, 790.)

As noted above, the Act was adopted by voter initiative.  " 'In interpreting a voter initiative . . . we apply the same principles that govern statutory construction.  [Citation.]  Thus, "we turn first to the language of the statute, giving the words their ordinary meaning."  [Citation.]  The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent].  [Citation.]  When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet."  [Citation.]'  [Citation.]  In other words, our 'primary purpose is to ascertain and effectuate the intent of the voters who passed the initiative measure.'  [Citation.]"  (*People v. Briceno* (2004) 34 Cal.4th 451, 459.)

5

*Defendant was Not Entitled to Relitigate his Romero Motion*

Defendant contends that section 1170.126, subdivision (k) authorized his *Romero* motion and empowered the trial court to vacate his prior strike convictions. Section 1170.126, subdivision (k) states: "Nothing in this section is intended to diminish or abrogate any rights or remedies otherwise available to the defendant."

Defendant's reliance on section 1170.126, subdivision (k) is unavailing. The plain language of that subdivision in no way suggests that defendant was entitled to relitigate a *Romero* motion that was ruled upon at his original sentencing hearing in 2005. We are aware of no authority, and defendant provides none, that authorizes a trial court to reconsider a *Romero* motion that has already been ruled upon. We accordingly cannot conclude that relitigation of a *Romero* motion is one of the "rights or remedies" contemplated by section 1170.126, subdivision (k). Indeed, interpreting section 1170.126, subdivision (k) as authorizing relitigation of a *Romero* motion would cut against well-established principles favoring the finality of judgments. (See *In re White* (2004) 121 Cal.App.4th 1453, 1456 ["Established rules of law favor the finality of judgments."]; *People v. Torres* (1992) 6 Cal.App.4th 1324, 1329 ["Collateral estoppel generally precludes relitigation of matters argued and determined in prior proceedings."].) Such an interpretation of section 1170.126, subdivision (k) would also contradict case law interpreting that subdivision. "Section 1170.126(k) protects prisoners from being forced to choose between filing a petition for a recall of sentence and pursuing other legal remedies to which they might be entitled (e.g., petition for habeas corpus)." (*Yearwood, supra,* 213 Cal.App.4th at p. 178.) We therefore are not persuaded by defendant's contention that section 1170.126, subdivision (k) authorized his *Romero* motion.

Permitting defendant to relitigate his *Romero* motion as part of his resentencing under the Act would also contravene the intent of the voters. In approving the Act, "the

6

voters found and declared that its purpose was to prevent the early release of dangerous criminals and relieve prison overcrowding by allowing low-risk, nonviolent inmates serving life sentences for petty crimes . . . to receive twice the normal sentence instead of a life sentence." (*Brown, supra,* 230 Cal.App.4th at p. 1509.) The ballot materials for Proposition 36 stated that the Act would " '[m]aintain that repeat offenders convicted of non-violent, non-serious crimes . . . will receive twice the normal sentence instead of a life sentence.' " (*People v. Superior Court (Cervantes)* (2014) 225 Cal.App.4th 1007, 1017, citing Voter Information Guide, Gen. Elec. (Nov. 6, 2012) text of proposed law, § 1, p. 105, italic omitted.) Effectuating this purpose, section 1170.126 states that an eligible prisoner "shall" be resentenced as a second strike offender, i.e., with a sentence that is twice the normal sentence. (§ 1170.126 , subd. (f); see also *Yearwood, supra,* 213 Cal.App.4th at p. 168 [section 1170.126 provides that eligible prisoners will be resentenced as second strike offenders].) Based on the foregoing, we must conclude that the electorate intended for repeat offenders like defendant to be resentenced as second strike offenders and receive twice the normal sentence. Under defendant's interpretation of the Act, the trial court had authority to vacate all of his prior strike convictions pursuant to section 1385 and sentence him as if he were not a repeat offender. Such an interpretation of the Act runs afoul of the voters' intent. (See *People v. Luckett* (1996) 48 Cal.App.4th 1214, 1219 ["clear legislative intent to abrogate trial courts' authority to strike under section 1385 exists where there is a statutory scheme designed to effect a particular result and where the invocation of section 1385 would nullify that result"].) We therefore must decline to adopt defendant's interpretation of the Act.

For the foregoing reasons, we conclude that defendant was not entitled to relitigate his *Romero* motion as part of his resentencing under the Act. The trial court thus did not err in refusing to consider a *Romero* motion before resentencing defendant. Finding no error in the resentencing process, we must affirm.

## DISPOSITION

The resentencing order is affirmed.

_____

RUSHING, P.J.


WE CONCUR:




_____

PREMO, J.




_____

ELIA, J.



9