Filed 5/4/15  P. v. Young CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061236 |
| v. | (Super.Ct.No. RIF74426) |
| TEDDY JEROME YOUNG, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.
Affirmed.

Neil Auwarter, under appointment by the Court of Appeal, for Defendant and
Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General,
Barry Carlton and Minh U. Le, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Teddy Jerome Young appeals after the trial court denied
his petition under Penal Code section 1170.126 for resentencing under the Three Strikes

1

Reform Act of 2012, or Proposition 36. At issue is whether defendant's petition showed that he was eligible to be considered for resentencing. We affirm.

FACTS AND PROCEDURAL HISTORY

Defendant was convicted in 1997 of robbery (Pen. Code, § 211) and felony evading an officer (Veh. Code, § 2800.2). He had a large number of prior strike offenses from 1985 and 1989, consisting of 14 robbery convictions and two convictions of assault with a deadly weapon. Four of the strikes (three of the robberies and one of the assaults) involved great bodily injury enhancements under Penal Code section 12022.7. In September 1997, defendant was sentenced to a three strikes term of 25 years to life for the robbery, and a consecutive three strikes term of 25 years to life for the felony conviction of evading an officer. The court also imposed two five-year enhancements for prior serious felony convictions, and two one-year enhancements for prior prison terms. All enhancements were run consecutively to the other sentences. Defendant's total sentence was 62 years to life.

The Three Strikes Reform Act of 2012 (hereafter, the Act), which was passed under the ballot designation of Proposition 36, provided for a different sentencing scheme, going forward, for defendants whose purported third strike was a nonserious, nonviolent felony. The Act also added Penal Code section 1170.126, which provided a mechanism for defendants already sentenced under the old three strikes scheme, who were serving life sentences for a third strike that was not a serious or violent felony, to make an application for resentencing. If defendant comes within the ambit of the Act at

2

all, he falls into the latter category, i.e., prisoners already serving a life sentence under the former version of the "Three Strikes" law.

On April 21, 2014, defendant filed a petition for resentencing under Penal Code section 1170.126. The petition sought resentencing solely for the Vehicle Code offense, which is not defined as a serious or violent felony. Defendant's petition asserted that, "[i]n passing Proposition 36 in the General Election of 2012, the electorate enacted section 1170.126," which, in pertinent part, "set up a mechanism for certain Three Strikers in prison to petition to have their sentences recalled and be resentenced." He argued that Penal Code section 1170.126, subdivision (e), applies per count, and not per case, so that he should be deemed eligible to petition for two strike sentencing on any nonviolent, nonserious felony conviction, notwithstanding the existence of serious or violent felony convictions arising from the same case or proceeding.

At the hearing on defendant's petition, the court opined that Proposition 36 was intended to distinguish between third strikers who were serving indeterminate life (third strike) sentences based solely on nonserious and nonviolent offenses, and third strikers whose third strike sentences were based in any part on serious or violent felonies. In other words, the only inmates eligible for resentencing as potential second strikers should be inmates who were serving indeterminate life sentences for offenses that did not include any serious or violent—i.e., true third strike—felonies. The court stated, "it would make little sense and fly in the face of logic to allow a defendant who has multiple counts . . . to pick non-strike . . . counts to litigate even though they're excluded from the

3

strike count. That is an absurd result that could not have been intended." The court denied defendant's petition.

Defendant filed a notice of appeal from the trial court's ruling denying his petition; he seeks remand with directions for the trial court to consider his eligibility for resentencing on the nonviolent, nonserious count only.

## ANALYSIS

### I. Standard of Review

The resolution of this case turns upon the proper interpretation of statutory language. "Statutory interpretation is a question of law. (*Reno v. Baird* (1998) 18 Cal.4th 640, 660 [76 Cal.Rptr.2d 499, 957 P.2d 1333].) Consequently, appellate courts apply their independent judgment when interpreting a legislative act. (*California Teachers Assn. v. San Diego Community College Dist.* (1981) 28 Cal.3d 692, 699 [170 Cal.Rptr. 817, 621 P.2d 856].)" (*People v. Brimmer* (2014) 230 Cal.App.4th 782, 790 [Fourth Dist., Div. Two].)

The court applies the same principles of construction to the interpretation of an initiative statute as to one enacted by the Legislature. (*People v. Bonillas* (1989) 48 Cal.3d 757, 780, citing *People v. Smith* (1983) 34 Cal.3d 251, 259 [general rules of statutory construction apply to initiative measures adopted by vote of the people].) " ' "The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.]" ' [Citation.]" (*People v. Superior Court (Cervantes)* (2014) 225 Cal.App.4th 1007, 1014.) Thus, "[i]n the case

4

of a . . . provision adopted by the voters, their intent governs. [Citations.]" (*People v. Jones* (1993) 5 Cal.4th 1142, 1146.)

" ' "The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.]" ' (*Horwich v. Superior Court* (1999) 21 Cal.4th 272, 276 [87 Cal.Rptr.2d 222, 980 P.2d 927].) 'In determining intent, we look first to the words themselves. [Citations.] When the language is clear and unambiguous, there is no need for construction. [Citations.] When the language is susceptible of more than one reasonable interpretation, however, we look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part. [Citations.]' (*People v. Woodhead* (1987) 43 Cal.3d 1002, 1007-1008 [239 Cal.Rptr. 656, 741 P.2d 154]; see *People v. Verduzco* (2012) 210 Cal.App.4th 1406, 1414 [149 Cal.Rptr.3d 200].) [¶] We also ' "refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' (*People v. Rizo* [(2000)] 22 Cal.4th [681], at p. 685.) 'Using these extrinsic aids, we "select the construction that comports most closely with the apparent intent of the [electorate], with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences." [Citation.]' (*People v. Sinohui* (2002) 28 Cal.4th 205, 212 [120 Cal.Rptr.2d 783, 47 P.3d 629].) ' " 'The meaning of a statute may not be determined from a single word or sentence; the words must be

5

construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible. [Citation.]' " ' (*People v. Mohammed* (2008) 162 Cal.App.4th 920, 928 [76 Cal.Rptr.3d 372].) ' "[W]e do not construe statutes in isolation, but rather read every statute 'with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness.' [Citation.]" [Citation.]' (*Horwich v. Superior Court*, *supra*, 21 Cal.4th at p. 276.)" (*People v. Brown* (2014) 230 Cal.App.4th 1502, 1508-1509 [Fourth Dist., Div. Two].)

We now apply these principles to the issue at hand.

II. <u>Defendant Was Not Eligible for Resentencing for His Nonviolent, Nonserious Felony</u>

Penal Code section 1170.126, subdivision (e), sets forth the criteria for eligibility for resentencing: "(e) An inmate is eligible for resentencing if: [¶] (1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7. [¶] (2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12. [¶] (3) The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of

6

Section 1170.12." That is, the inmate may be eligible for resentencing if: (1) the inmate is serving a third strike life term for a felony that is not serious or violent; (2) the inmate has no specified "disqualifying factors" for any current offenses, such as certain sex offenses, drug charges, use of firearms or great bodily injury; and (3) prior offenses do not include specified crimes such as certain sex offenses, homicide crimes, certain assaults on peace officers, or felonies punishable by life imprisonment or death.

Defendant argues that he is eligible under section 1170.126, subdivision (e)(1), because he is serving an indeterminate term of life imprisonment imposed under the Three Strikes law for a felony that was and is not defined as serious or violent, namely, evading an officer, a Vehicle Code offense. Defendant urges that Penal Code section 1170.126, subdivision (e)(1), contains no suggestion that an accompanying serious or violent felony (for which the inmate will be ineligible to seek resentencing) renders the inmate also ineligible to seek resentencing on the nonserious three strike felony.

Arguably, Penal Code section 1170.126, subdivision (e)(1), is distinguishable from the language of section 1170.126, subdivision (e)(2), which makes it very clear that an inmate is made ineligible for resentencing on an otherwise eligible offense if the aggregate sentence also includes the specified disqualifying offenses. Under this construction, the difference in language between section 1170.126, subdivision (e)(1) and (2) would be deemed purposeful; subdivision (e)(2) would be meant to completely disqualify an offender whose aggregate sentence includes the disqualifying offenses,

7

whereas subdivision (e)(1) focuses only on the offense for which the inmate seeks to be resentenced.

Against this possible interpretation, Penal Code section 1170.126, subdivision (e)(1), can be interpreted in an alternate fashion: The words, an "inmate []serving an indeterminate term of life imprisonment," for a felony that is not serious or violent, do not include an inmate who is serving *two* life terms—one for a serious/violent felony and another for a nonserious/nonviolent felony.

We first look to section 1170.126, subdivision (a), which sets forth the objective of the statute. "The resentencing provisions under this section and related statutes are intended to apply *exclusively* to *persons* presently serving an indeterminate term of imprisonment [for a nonviolent and nonserious felony], whose sentence under this act would not have been an indeterminate life sentence" under the Three Strikes law as amended by the 2012 act. (Italics added.) The use of the terms "exclusively" and "persons" imply that the overall intent of the statute is to exclude from its benefits any "persons" whose current commitment offenses include a serious or violent felony. This language also contradicts any suggestion that the Act, specifically section 1170.126, subdivision (e)(1), focuses only on the *offense* for which an inmate seeks resentencing, rather than on the offender as a whole. Rather, the statutory language refers specifically to an offender whose current commitment offenses include a serious or violent felony. A person "whose sentence under this act would not have been an indeterminate life sentence" cannot, by definition, include an inmate, one of whose commitment offenses is

a serious or violent felony that is subject to an indeterminate life sentence. In other words, an inmate, like defendant, who is simultaneously serving life terms for one offense, not violent or serious, and for another offense that is violent or serious, is not a person "whose sentence under this act would not have been an indeterminate life sentence" under the Act.

Second, Penal Code section 1170.126, subdivision (d), requires the petition for recall of sentence to "specify all of the currently charged felonies, which resulted in the sentence . . . ." The specific requirement that an inmate list all of the commitment felonies indicates that each of the currently charged felonies affects the inmate's eligibility for resentencing, and that the sentencing court must consider all of the inmate's current felonies in making its eligibility determination, not just the felony for which the inmate requests resentencing. In addition, this subdivision clearly uses the term "sentence" to mean the combination of all terms resulting from all of the felonies of which defendant was convicted in the latest proceedings. Viewed in this light, the use of the word "sentence" in section 1170.126, subdivision (a), even more clearly indicates that having a serious or violent felony as one of his or her commitment offenses disqualifies an inmate from being resentenced on any of his or her indeterminate life sentences.

Third, as set forth in *People v. Yearwood* (2013) 213 Cal.App.4th 161 [151 Cal.Rptr.3d 901], the ballot arguments in favor of Proposition 36, which "have been recognized as a proper extrinsic aid in construing voter initiatives adopted by popular vote" (*People v. Yearwood*, at p. 171), repeatedly and plainly stressed that truly

9

dangerous criminals, namely those convicted of a serious or violent felony, would not receive any benefit whatsoever from the proposed amendments to the Three Strikes law. Examples of such language in the ballot arguments are: " 'Prop. 36 prevents dangerous criminals from being released early' "; " 'Prop. 36 will keep dangerous criminals off the streets' "; and " 'truly dangerous criminals will receive no benefits whatsoever from the reform.' " (*People v. Yearwood*, at p. 171, quoting Voter Information Guide, Gen. Elec. (Nov. 6, 2012) argument in favor of Prop. 36, pp. 52-53.) These arguments indicate an intent by the voters that an inmate convicted of a serious or violent felony in the latest proceedings will not benefit, at all, from the reduced sentencing of the 2012 act.

For the reasons set forth above, we conclude that both the language of section 1170.126 and the evidence of voter intent support the conclusion that an inmate is not eligible for resentencing under the Three Strikes Reform Act of 2012 when any of the offenses for which he or she is serving a three strikes sentence is a serious or violent felony. We therefore affirm the superior court's order in this case denying defendant's petition for resentencing.

## DISPOSITION

The court's ruling is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

KING
J.

11