Filed 6/2/15  P. v. Patton CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

THE PEOPLE,

    Plaintiff and Respondent,

v.

FREDDIE ALLEN PATTON,

    Defendant and Appellant.

2d Crim. No. B261788
(Super. Ct. No. F298758)
(San Luis Obispo County)

       Freddie Allen Patton appeals from an order denying his petition to recall his Three Strikes sentence pursuant to Proposition 36 (Pen. Code, § 1170.126).[1]  In 2001, appellant was convicted of driving while intoxicated (Veh. Code, §§  23152, subd. (a); 23152, subd. (b)) and grand theft of an automobile, (Veh. Code, § 10851, subd. (a)), and admitted that he had previously been convicted of three serious or violent felonies within the meaning of the Three Strikes Law.  (§ 667, subds. (d)-(e).)  In 2002, we affirmed the conviction in an unpublished opinion.  (B149809.)

       On November 6, 2014, appellant filed a petition to recall the sentence and be resentenced pursuant to Proposition 36. (§ 1170.126.)  The trial court denied the petition on the ground that appellant had multiple strike convictions and had suffered a

---

[1] All statutory references are to the Penal Code unless otherwise stated.

rape and kidnapping conviction in 1987 that rendered him ineligible for Proposition 36 resentencing. (§ 1170.126, subd. (e)(3).)

We appointed counsel to represent appellant in this appeal. After counsel's examination of the record, he filed a brief raising no issues.

On May 8, 2015, we advised appellant that he had 30 days within which to personally submit any contentions or issues he wished us to consider. On May 19, 2015, appellant submitted a letter brief stating, among other things, that the sentence is excessive. Appellant's prior convictions for rape and kidnapping render him ineligible for Proposition 36 resentencing. (§ 1170.126, subd. (e)(3); 667, subd. (e)(2)(C)(iv); 1170.12, subd. (c)(2)(C)(iv); see e.g., *People v. Brown* (2014) 230 Cal.App.4th 1502, 1510-1512.)

We have reviewed the entire record and are satisfied that appellant's counsel has fully complied with his responsibilities and that no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436, 443; *People v. Kelly* (2006) 40 Cal.4th 106, 126.)

The judgment (order denying petition for resentencing) is affirmed.
NOT TO BE PUBLISHED.


YEGAN, J.


We concur:



GILBERT, P.J.



PERREN, J.


2

Jac Crawford, Judge

Superior Court County of San Luis Obispo

_____

California Appellate Project, under appointment by the Court of Appeal, Jonathan B. Steiner, Executive Director and Richard B.Lennon, Staff Attorney, for Appellant.

No appearance for Respondent.