Filed 8/24/15  P. v. Baldenegro CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**


| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063077 |
| v. | (Super.Ct.No. FBA01785) |
| HECTOR DANNY BALDENEGRO, | OPINION |
| Defendant and Appellant. | |


APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Leslie A. Rose, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Hector Danny Baldenegro appeals after the trial court denied his petition for resentencing under Penal Code section 1170.126, known as the

Three Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)).[1] Defendant filed a notice of appeal on March 10, 2015. We affirm.

PROCEDURAL BACKGROUND[2]

In 1997, a jury convicted defendant of two counts of second degree armed robbery (§ 211), two counts of assault with a semiautomatic firearm (§ 245, subd. (b)), and one count of being a felon in possession of a firearm (former § 12021, subd. (a)(1)). The jury also made a true finding on the allegation that defendant personally used a firearm in the commission of the robberies. After defendant waived his right to a jury trial on the priors, a trial court found that he had suffered three previous serious felony convictions within the meaning of section 667, subdivision (a), and three prior convictions within the meaning of section 667, subdivisions (b) through (i) (hereafter "the three strikes law"). Defendant was sentenced to: (1) five consecutive 25-to-life indeterminate prison terms under the three strikes law; (2) a consecutive 10-year determinate prison term on the firearm allegation; and (3) three consecutive five-year determinate prison terms on the prior serious felony convictions allegation, as required by section 667, subdivision (a). His aggregate state prison sentence was 150 years to life. Defendant appealed.

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

[2] The procedural background is taken, in part, from two prior nonpublished opinions of this court. (*People v. Baldenegro* (Dec. 2, 1999, E023746 [nonpub. opn.] & *People v. Baldenegro* (Feb. 13, 2001, E027737 [nonpub. opn].) On our own motion, we take judicial notice of our prior opinions. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

This court affirmed the convictions, while reversing the sentence and remanding for resentencing.  (*People v. Baldenegro*, *supra*, E023746.)  In particular, we ordered the trial court to hold a hearing to determine the validity of defendant's challenge to the guilty pleas that resulted in his prior convictions.  We also ordered the trial court to determine whether to impose concurrent or consecutive terms on the robbery counts, to solicit from the parties evidence as to when the firearm possession count occurred, and then to determine whether to impose or stay a term on it, to stay the sentences on the assault counts pursuant to section 654, and to impose only one enhancement for the three prior serious felony conviction true findings.

The trial court held a hearing on the guilty pleas, which resulted in defendant's prior convictions and concluded that they were valid.  The court also imposed consecutive terms on the robbery counts, stayed punishment on the firearm possession count and the assault counts, and imposed one enhancement for the three prior serious felony convictions.  Defendant was sentenced to two consecutive 25-year-to-life terms for the robberies, two consecutive 10-year terms for the firearm-use findings as to each robbery, and one five-year term for the three section 667, subdivision (a)(1) findings, for a total sentence of 75 years to life.

Defendant appealed and upon his request, this court appointed counsel to represent him.  Counsel filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  This court found no arguable issues and affirmed.  (*People v. Baldenegro*, *supra*, E027737.)

On November 10, 2014, defendant filed a petition for resentencing under section 1170.126, in propria persona. He claimed that all of the prior convictions used in this case were from when he was a minor and did not fully understand the repercussions of accepting a plea bargain. He said that he was guilty of one of those counts, but he had to plead no contest to the other counts, which he had nothing to do with. The court denied the petition since defendant's current convictions were for the serious felony of robbery (§ 211), with a firearm-use enhancement, which made him ineligible for resentencing. (§§ 1170.126, subd. (e)(1), 1192.7, subd. (c)(19).)

Defendant filed a notice of appeal.

ANALYSIS

This court appointed counsel to represent defendant on appeal. Counsel has filed a brief under the authority of *Wende*, *supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738, setting forth a statement of the case, a brief statement of the facts, and identifying one potential arguable issue: whether the court properly determined that defendant was ineligible for resentencing under section 1170.126.

Defendant was offered an opportunity to file a personal supplemental brief, which he has done. He contends that: (1) his sentence of 75 years to life violates the proscription against cruel and unusual punishment; (2) the trial court should have stricken one of his prior strikes; and (3) his plea to the prior strike convictions was not valid.

"The Reform Act amended the three strikes statutes [citations] to require that before a defendant may be sentenced to an indeterminate life term in prison under the Three Strikes law, the new felony (the commitment offense) must generally qualify as a

4

serious or violent felony. [Citations.] The Reform Act also added section 1170.126, which provides a procedure for resentencing 'persons presently serving an indeterminate term of imprisonment' under the Three Strikes law, 'whose sentence under this act would not have been an indeterminate life sentence.' [Citation.] Such a person may file a petition to recall his or her sentence and be sentenced as a second strike offender. [Citation.] An inmate is eligible for such resentencing if none of his or her current commitment offenses constitutes serious or violent felonies and none of the enumerated factors disqualifying an inmate for resentencing under the Reform Act applies. [Citation.]" (*People v. Brown* (2014) 230 Cal.App.4th 1502, 1509-1510 [Fourth Dist., Div. Two] (*Brown*).)

Defendant argues that his sentence of 75 years to life constitutes cruel and unusual punishment under the California Constitution and the Eighth Amendment of the United States Constitution. Whether the sentence was cruel and unusual is an issue that should have been considered on direct appeal of defendant's 1997 convictions. As outlined above, defendant previously appealed. This court affirmed the convictions, but reversed the sentence and remanded for resentencing. (*People v. Baldenegro*, *supra*, E023746.) The trial court resentenced defendant. Defendant appealed again, and we affirmed that sentence. (*People v. Baldenegro*, *supra*, E027737.) Defendant is now attempting to challenge that sentence in this appeal. However, he should have done so in his earlier appeal(s), not in an appeal of the denial of his petition for resentencing under section 1170.126. (See *post*.)

Regarding defendant's claim that the trial court should have struck one of his prior strike convictions, such challenge also should have been made in one of his direct appeals. An examination of the statutory scheme of section 1170.126 supports the conclusion that the electorate's intent was "not to allow the trial court to retain its section 1385 discretionary authority when determining whether an inmate is eligible for resentencing under the Reform Act." (*Brown*, *supra*, 230 Cal.App.4th at p. 1514.)

As to defendant's claim that his plea to the prior strike convictions was not valid, we note that, after his first appeal, we ordered the trial court to hold a hearing to determine the validity of his challenge to the guilty pleas that resulted in his prior convictions. The trial court did so and concluded that they were valid. We affirmed. (*People v. Baldenegro*, *supra*, E027737.) Thus, that issue has already been decided on appeal.

Ultimately, it is undisputed that defendant's current commitment felony offenses of robbery (§ 211) are serious and violent felonies. (§§ 1192.7, subd. (c)(19) & 667.5, subd. (c)(9).) It is also undisputed that his current convictions of assault with a semiautomatic firearm (§ 245, subd. (b)) are serious felonies, as well. (§ 1192.7, subd. (c)(31).) Therefore, defendant is ineligible for resentencing under the Reform Act. (§§ 1170.126, subd. (e)(1).) The trial court properly denied his petition for resentencing, and defendant has given us no valid reason to reverse the court's denial.

Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


HOLLENHORST
J.


We concur:


RAMIREZ
P. J.


CODRINGTON
J.

7