Filed 6/7/16  P. v. Stewart CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F070706 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SC062554C) |
| DARRELL CEDRIC STEWART, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

### THE COURT*

APPEAL from an order of the Superior Court of Kern County.  Michael G. Bush, Judge.

Carol Foster, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Kane, Acting P.J., Poochigian, J. and Franson, J.

Appellant Darrell Cedric Stewart appeals from the trial court's denial of his motion to be resentenced pursuant to the Three Strikes Reform Act of 2012 (Pen. Code, § 1170.126).[1] Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On April 19, 1995, Bakersfield police officers responded to Aldo's Nightclub on a report of a disturbance. An officer spoke to Edward Quintana, the club's vice president, who told him that a man walked past him holding a gun and got into a car. Officers subsequently stopped the car, which had Stewart and three other men inside. Quintana identified Stewart as the man he had seen with a gun. However, no gun was found in the car.

Officers also stopped a car with three women inside, and in that car found two .380-caliber semiautomatic pistols. One of the women told the officers that she and another woman had seen a man run by their car and throw something in through the passenger's window.

On September 27, 1995, a jury convicted Stewart of possession of a firearm by a convicted felon (§ 12021, subd. (a)). The following day the court found true allegations that Stewart had two prior convictions within the meaning of the Three Strikes law (§ 667, subds. (b)-(i)).

On October 26, 1995, the court sentenced Stewart to an indeterminate term of 25 years to life.

"On November 6, 2012, the electorate passed Proposition 36, also known as the [Three Strikes] Reform Act. Among other things, this ballot measure enacted section 1170.126, which permits persons currently serving an indeterminate life term under the Three Strikes law to file a petition in the sentencing court seeking to be resentenced to a

---

[1]     All further statutory references are to the Penal Code.

2

determinate term as a second striker. (§ 1170.126, subd. (f).) If the trial court determines, in its discretion, that the defendant meets the criteria of section 1170.126, subdivision (e), the court may resentence the defendant. (§ 1170.126, subds. (f), (g).)" (*People v. Brown* (2014) 230 Cal.App.4th 1502, 1507.)

On August 11, 2014, Stewart petitioned the trial court for a recall of sentence pursuant to section 1170.126.

On October 29, 2014, the trial court denied the petition.

Stewart's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra,* 25 Cal.3d 436.) Stewart has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.