Filed 8/18/15  P. v. Johnson CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>TREVOR ANTHONY JOHNSON,<br><br>    Defendant and Appellant. | G049575<br><br>(Super. Ct. No. 96CF0718)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Gregg L. Prickett, Judge.  Affirmed.

David K. Rankin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, and Barry Carlton, Deputy Attorney General, for Plaintiff and Respondent.

Appellant Trevor Anthony Johnson is currently serving an indeterminate life sentence under the "Three Strikes" law. He appeals the denial of his Proposition 36 petition for resentencing on the grounds the trial court did not allow him the opportunity to challenge the constitutionality of his prior strike convictions. However, as we explain, Proposition 36 does not contemplate such a challenge, nor does the Constitution require that appellant be provided one in this proceeding. Therefore, the trial court properly denied his petition for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

In 1998, appellant was convicted by an Orange County jury of committing battery with serious bodily injury. (Pen. Code, § 243, subd. (d).)[1] In addition, the trial court found appellant had suffered three prior strike convictions – for residential burglary, forcible rape and forcible oral copulation – all of which were based on a guilty plea appellant entered in a case arising out of Los Angeles in 1989.[2] Accordingly, the trial court sentenced him to 25 years to life under the Three Strikes law. (§§ 667, subds. (d)-(e)(2), 1170.12, subd. (b)-(c)(2).) The court also enhanced appellant's sentence one year, based on his having served a prior prison term. (§ 667.5, subd. (b).)

In November 2012, the voters passed Proposition 36, which amended the Three Strikes law to allow for discretionary resentencing in some cases in which third-strike sentences had been imposed. (§ 1170.126; *People v. Johnson* (2015) 61 Cal.4th 674.) Although Proposition 36 does not apply if the defendant's commitment offense was for a serious or violent felony (§ 1170.126, subd. (e)(1)), or the defendant has suffered a prior conviction for a sexually violent offense (§§ 1170.126, subd. (e)(3), 667, subd. (e)(2)(C)(iv)(I), 1170, subd. (c)(2)(C)(iv)(I)), appellant petitioned the Orange County Superior Court to recall his sentence and resentence him to a determinate prison term. In so doing, he alleged his commitment offense – battery with serious bodily injury

---

[1] Unless noted otherwise, all further statutory references are to the Penal Code.

[2] In that case, appellant broke into the victim's home and sexually assaulted her at knifepoint.

2

– was not a serious or violent offense. And while he did not dispute his prior strike convictions for forcible rape and forcible oral copulation constituted sexually violent offenses, he asserted they did not disqualify him from obtaining relief under Proposition 36 because they were obtained in violation of his constitutional rights. In particular, appellant claimed that before pleading guilty to those sex crimes, he was never advised of, nor did he waive, his *Boykin-Tahl* rights, i.e., his right to a jury trial, to confront witnesses, and to be free of compelled self-incrimination. (See *Boykin v. Alabama* (1969) 395 U.S. 238, 242; *In re Tahl* (1969) 1 Cal.3d 122, 132.) Appellant requested an evidentiary hearing on the validity of his prior convictions, but the trial court denied his request and summarily denied his motion for resentencing. While the motion hearing was not reported, the clerk's minute order reflects the court denied appellant relief under Proposition 36 due to the sexually violent nature of his prior strike convictions.

DISCUSSION

Appellant contends the trial court erred in denying his motion without giving him a chance to challenge the constitutionality of his prior convictions. We disagree.

As a preliminary matter, we note this is not the first time appellant has presented the claim he makes in this case. In 2014, he filed a Proposition 36 petition in Riverside County Superior Court seeking relief from an indeterminate life term he received there in 2000 for unlawful gun possession. As in the instant case, appellant claimed his 1989 strike convictions were invalid due to *Boykin-Tahl* error. However, his petition for resentencing was summarily denied, and on appeal division two of our appellate district upheld the denial on the ground Proposition 36 does not allow defendants to collaterally attack their prior strike convictions. (*People v. Johnson* (Sept. 29, 2014, E060494) [nonpub. opn.].) Although that opinion was not published, and thus has no precedential value, we mention it because it states reasons for a decision affecting

3

the same defendant in another action (Cal. Rules of Court, rule 8.1115(b)(2)) – and, indeed, involves our facts.

It is also worth noting that, irrespective of the nature of appellant's prior strike convictions, it appears he is outside the scope of Proposition 36 due to the gravity of his commitment offense of battery with serious bodily injury. (§ 1170.126, subd. (e)(1) [an inmate cannot obtain sentencing relief under Proposition 36 if he is serving an indeterminate term for a serious felony as defined in § 1192.7, subd. (c)].) Although battery with serious bodily injury is not one of the crimes listed in section 1192.7, subdivision (c) as a serious felony, it qualifies as a serious felony if during its commission the defendant personally inflicted great bodily injury on a person other than an accomplice. (§ 1192.7, subd. (c)(8); *People v. Bueno* (2006) 143 Cal.App.4th 1503, 1508.) According to the record of conviction in appellant's earlier case, of which we take judicial notice (Evid. Code, §§ 452, subd. (d)(1), 459, subd. (a)), he did in fact personally inflict great bodily injury on a nonaccomplice. (See *People v. Johnson* (May 21, 1999, G023041) [nonpub. opn.].) Therefore, he would appear to be ineligible for Proposition 36 relief. (See *People v. Guilford* (2014) 228 Cal.App.4th 651, 659-661.)

Nevertheless, we will proceed to address appellant's claim regarding the propriety of the trial court's decision to deny his petition for resentencing without allowing him the opportunity to collaterally attack his prior convictions. As our Supreme Court has recently explained, a defendant serving an indeterminate third-strike sentence is only eligible for relief under Proposition 36 if his commitment offense was not a serious or violent felony, and he is not disqualified from resentencing due an exception in the law, such as the exception for having previously been convicted of a sexually violent offense. (*People v. Johnson, supra*, 61 Cal.4th at p. 682.) Even then, the court may deny a petition for resentencing if it believes the defendant would pose an unreasonable risk to public safety. (*Ibid*.)

4

Proposition 36 was designed "to prevent the early release of dangerous criminals and relieve prison overcrowding by allowing low-risk, nonviolent inmates serving life sentences [to obtain a reduced] sentence. [Citations.] The electorate also approved a mandate that [Proposition 36] be liberally construed to effectuate the protection of the health, safety, and welfare of the People of California. [Citation.]" (*People v. Brown* (2014) 230 Cal.App.4th 1502, 1509, fn. omitted (*Brown*).)

In *Brown*, the defendant was in the same shoes as appellant. Having suffered a prior conviction for a sexually violent offense, he was expressly disqualified from obtaining relief under Proposition 36. (*Brown, supra*, 230 Cal.App.4th at pp. 1510-1511.) Hoping to sidestep that obstacle, he argued the trial court had the authority to strike his prior conviction pursuant to section 1385 and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. However, the *Brown* court disagreed. Finding nothing in the text of Proposition 36 to support that argument, the court ruled "the absence of [such] discretionary authority in [Proposition 36] shows the [voters] intended to withhold statutory power of a trial court to exercise its discretion in the furtherance of justice under section 1385 in determining a defendant's eligibility to be resentenced . . . ." (*Brown, supra*, 230 Cal.App.4th at p. 1512.) *Brown* thus affirmed the denial of the defendant's Proposition 36 petition. (*Id*. at p. 1515.)

The same reasoning applies in this case. There being nothing in the text of Proposition 36 that authorizes the trial court to conduct a hearing on the constitutionality of the defendant's prior strike convictions, it is reasonable to presume the voters never intended for such hearings to take place in Proposition 36 proceedings. In this regard, we must remember courts "'may not, under the guise of construction, rewrite the law or give the words an effect different from the plain and direct import of the terms used.'" (*People v. Massicot* (2002) 97 Cal.App.4th 920, 925.)

Recognizing the absence of textual support for his position, appellant stakes his claim primarily on constitutional grounds. Relying on *People v. Allen* (1999) 21

5

Cal.4th 424 (*Allen*) and *People v. Sumstine* (1984) 36 Cal.3d 909 (*Sumstine*), he contends the state cannot use an unlawfully obtained conviction for any purpose in a criminal proceeding, and therefore, as a matter of due process, he should have been afforded the opportunity to challenge the constitutionality of his prior strike convictions as part of his Proposition 36 petition. We disagree.

*Allen* makes clear that "if a state desires to rely on a defendant's prior felony conviction to enhance his or her sentence, the prior conviction must be constitutionally valid. [Citation.]" (*Allen, supra,* 21 Cal.4th at p. 429.) While *Allen* also recognized that *Sumstine* authorizes a defendant to attack the constitutionality of a prior conviction on *Boykin-Tahl* grounds at the time of sentencing in his current trial (*id*. at p. 430), nearly two decades have passed since the time appellant was sentenced. Moreover, *Allen* emphasized the right to a *Sumstine* hearing is not constitutionally compelled; rather, it is based on concerns for the efficient administration of justice. (*Ibid*.) This suggests the state has broad authority to decide when, where and how a collateral attack on a prior conviction may be mounted. We do not read *Allen* and *Sumstine* as requiring the trial court to entertain a *Boykin-Tahl* challenge in Proposition 36 proceedings. (See generally *People v. Oehmigen* (2014) 232 Cal.App.4th 1, 6-8 [due process does not require a hearing on the defendant's eligibility for Proposition 36 relief].)

In fact, the underlying rationale of *Allen* and *Sumstine* does not apply to Proposition 36 proceedings because they cannot result in the defendant's sentence being *enhanced* by virtue of his prior convictions. To the contrary, Proposition 36 "merely provides a limited mechanism within which the trial court may consider a *reduction* of the sentence below the original term. . . ." (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1336, italics added.) Consequently, Proposition 36 proceedings are "distinguishable from other sentencing proceedings," and any sentencing reduction must be carried out in accordance with its stated terms. (*Ibid*.) Since there is nothing in Proposition 36 that authorizes a collateral attack on a prior strike conviction, the trial

court was not empowered to conduct a hearing to determine the constitutional validity of appellant's priors in this case.

That does not mean appellant is without a remedy. For, as respondent concedes, it is well established that a defendant may challenge the validity of a prior conviction by way of a petition for writ of habeas corpus. (*Allen, supra*, 21 Cal.4th at p. 429; *People v. Picklesimer* (2010) 48 Cal.4th 330, 339.) Recognizing this, appellant has in fact filed a habeas petition in this court, which we address by separate order. However, that development has no bearing on appellant's direct appeal, which for the reasons stated above, is without merit.

## DISPOSITION

The trial court's postjudgment order denying appellant's petition for resentencing under Proposition 36 is affirmed. Appellant's request to consolidate his habeas petition with this appeal is denied.


BEDSWORTH, ACTING P. J.

WE CONCUR:


MOORE, J.


FYBEL, J.

7