Filed 10/19/15  P. v. Castleman CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE, <br><br>        Plaintiff and Respondent, <br><br> v. <br><br> RICHARD D. CASTLEMAN, <br><br>        Defendant and Appellant. | A141860 <br><br> (Humboldt County <br> Super. Ct. No. CR1003911) |

Defendant Richard D. Castleman was sentenced under the "Three Strikes" law to an indeterminate life term for a nonviolent felony.  Following the passage of the Three Strikes Reform Act of 2012 (Proposition 36), defendant successfully petitioned for a recall of his sentence, which was reduced to a determinate term of 10 years.  Defendant contends the trial court erred in failing to reduce his sentence still further by striking his prior felony convictions under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).  Concluding the trial court had no authority to strike a prior conviction in the context of a petition to recall sentence under Proposition 36, we affirm.

## I.  BACKGROUND

This is defendant's second appeal in this matter.  In an earlier decision, we affirmed his convictions for drug-related offenses and an associated indeterminate life sentence imposed under the Three Strikes law.  (*People v. Castleman* (A131730, Mar. 14, 2013) [nonpub. opn.] (*Castleman I*).)  In doing so, we upheld the trial court's decision under *Romero* not to strike one or more of defendant's prior strike convictions, explaining:

"This is not an extraordinary case. The trial court was clearly aware of the scope of its discretion and the factors guiding that discretion. The court found, in essence, that defendant's prior serious felony convictions, his other convictions, and 'the particulars of his background, character, and prospects' ([*People v. Williams* (1998) 17 Cal.4th 148, 161]), suggest he is the type of repeat offender intended to be covered by the Three Strikes law. . . . As the trial court noted, defendant not only suffered the strike convictions but has spent substantial time in prison in the interim years as a result of other offenses, consistently failing to succeed on parole. There is no basis for reversing the court's decision not to strike the prior serious felony convictions." (*Castleman I, supra,* A131730.)

In 2012, the electorate passed Proposition 36, which eliminated indeterminate life terms under the Three Strikes law for the commission of certain nonviolent felonies and permitted qualifying inmates to petition the court for a reduction in sentence. In late 2013, defendant filed a petition for recall of his sentence under Proposition 36. Although the prosecution initially indicated it would oppose the recall, it ultimately stipulated to defendant's resentencing. Prior to the resentencing hearing, defendant provided the court with documents attesting to his good character and good conduct in prison. In a separate memorandum, defendant urged the court to impose a sentence of 10 years, twice the term for his felony convictions, as dictated by Proposition 36. At the hearing, however, defendant renewed his motion under *Romero*, asking the court to strike all of his prior convictions. The court denied the motion, citing the reasons stated in connection with its original ruling, and imposed the sentence of 10 years sought by defendant in the memorandum submitted to the court.

## II. DISCUSSION

On appeal, defendant does not dispute the propriety of the court's resentencing under the provisions of Proposition 36. Rather, he contends the trial court erred in not considering the additional evidence of his character and prison conduct when denying his renewed *Romero* motion.

"Prior to its amendment by [Proposition 36], the Three Strikes law required that a defendant who had two or more prior convictions of violent or serious felonies receive a third strike sentence of a minimum of 25 years to life for any current felony conviction, even if the current offense was neither serious nor violent. [Citations.] [Proposition 36] amended the Three Strikes law with respect to defendants whose current conviction is for a felony that is neither serious nor violent. In that circumstance, unless an exception applies, the defendant is to receive a second strike sentence of twice the term otherwise provided for the current felony, pursuant to the provisions that apply when a defendant has one prior conviction for a serious or violent felony." (*People v. Johnson* (2015) 61 Cal.4th 674, 680–681, fn. omitted (*Johnson*).)

"In addition to reducing the sentence to be imposed for some third strike felonies that are neither violent nor serious, the Act provides a procedure by which some prisoners already serving third strike sentences may seek resentencing in accordance with the new sentencing rules. [Citation.] 'An inmate is eligible for resentencing if . . . [¶] . . . [t]he inmate is serving an indeterminate term of life imprisonment imposed pursuant to [the Three Strikes law] for a conviction of a felony or felonies that are not defined as serious and/or violent . . . .' [Citation.] . . . In contrast to the rules that apply to sentencing, however, the rules governing resentencing provide that an inmate will be denied recall of his or her sentence if 'the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' " (*Johnson, supra,* 61 Cal.4th at p. 682.) Penal Code[1] section 1170.126, which codifies the resentencing provisions of the Act, is a statutory exception to the generally applicable rule of law, which holds that a court loses jurisdiction to modify a defendant's sentence after execution of the sentence has begun. (See *People v. Howard* (1997) 16 Cal.4th 1081, 1089 (*Howard*).)

*People v. Brown* (2014) 230 Cal.App.4th 1502 (*Brown*), considered the role of *Romero* in the context of a petition for recall of sentence under section 1170.126. The

---

[1] All statutory references are to the Penal Code.

current conviction of the *Brown* defendant was for a nonviolent felony, but one of his prior strike convictions involved sexual violence, making him statutorily ineligible for modification of sentence. (*Id.* at pp. 1506–1507.) In affirming the trial court's refusal to strike that conviction under *Romero*, the court began by citing the general rule that a trial court lacks jurisdiction to modify a defendant's sentence once execution has begun and noted that section 1385, the statutory authorization underlying *Romero*, did not grant such jurisdiction. (*Brown,* at p. 1511.) The court then reasoned that section 1170.126 "gives the trial court no discretion to depart from the [statutory requirements]. In other words, if the inmate does not satisfy one or more of the criteria, section 1170.126 grants the trial court *no power* to do anything but deny the petition for recall of sentence." (*Brown,* at pp. 1511–1512.)

While the issue here is slightly different, the analysis is essentially the same. In the absence of some statutory grant of authority, a trial court has no power to modify a sentence once execution has begun. (*Howard*, *supra*, 16 Cal.4th at p. 1089.) Reducing a sentence by striking a prior conviction under *Romero* is no different from any other modification in this regard. (*Brown, supra,* 230 Cal.App.4th at p. 1511.) Section 1170.126, the statute authorizing modification of sentence under these circumstances, provides no general authority for a trial court to reconsider the sentence of a defendant. Assuming a defendant qualifies for recall of sentence under section 1170.126, the court is granted the power to modify the sentence in only one way: to resentence the defendant as though he or she had only one prior strike, under the provisions of sections 667, subdivision (e)(1) and 1170.12, subdivision (c)(1). (§ 1170.126, subd. (f).) As *Brown* noted, the only discretion granted to a trial court in implementing the terms of section 1170.126 is the authority to deny resentencing to an inmate upon finding " 'that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' " (*Brown*, at p. 1512.) Because section 1170.126 does not grant the additional discretion to strike a prior conviction as part of an inmate's resentencing under Proposition 36, the court is subject in this regard to the general rule, which denies such authority.

4

Defendant argues this argument was forfeited when the prosecution failed to object on this ground at trial. Even if forfeiture principles applied to a respondent's rebuttal of an appellant's contention, which they normally do not, the issue raised by defendant goes to the scope of the trial court's jurisdiction in resentencing. Because a trial court cannot be granted jurisdiction by default, lack of jurisdiction can be raised at any time during the appellate process. (E.g., *People v. Mower* (2002) 28 Cal.4th 457, 474, fn. 6 [" 'jurisdiction' refers to a court's authority to act with respect to persons and subject matter within its power. [Citation.] Issues relating to jurisdiction in its fundamental sense indeed may be raised at any time."].)

Defendant also relies on section 1170.126, subdivision (k), which states that "[n]othing in this section is intended to diminish or abrogate any rights or remedies otherwise available to the defendant," arguing defendant "had the right to bring a *Romero* motion in his original sentencing." While defendant certainly had the right to move to strike a prior conviction at the time of sentencing, he had already availed himself of that right, and the motion was denied. Nothing in subdivision (k) suggests that section 1170.126 augments a defendant's rights by granting him or her a second opportunity to move under *Romero* when petitioning for recall of sentence.

Finally, defendant argues he is entitled to "the full panoply of rights at sentencing, including the right to bring a *Romero* motion," citing a decision granting those rights upon resentencing after appeal. (*People v. Foley* (1985) 170 Cal.App.3d 1039, 1047.) The situations are not parallel. Because of an error in the original sentencing, the trial court in *Foley* was charged with sentencing the defendant on remand as though no sentence had ever been pronounced. (*Ibid.*) In that situation, there were no restraints on the scope of the trial court's sentencing discretion, other than those generally applicable. For the reasons discussed above, in a resentencing under Proposition 36, the trial court's discretion is limited to the authority granted by section 1170.126.

Yet even if the trial court were granted the discretion by section 1170.126 to reconsider a *Romero* motion, we would find no error in the trial court's failure to consider the evidence submitted by defendant of his character and conduct in prison.

5

Section 1170.126 provides no general authority to a resentencing court to consider evidence outside the record of conviction.  (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1339.)  Rather, the only authority permitting the introduction of new evidence is subdivision (g), which relates specifically to the determination of unreasonable risk to public safety.  (§ 1170.126, subd. (g)(2) ["In exercising its discretion in subdivision (f), the court may consider: [¶] . . . [¶] . . . The petitioner's disciplinary record and record of rehabilitation while incarcerated."].)  Because the prosecution stipulated to defendant's resentencing, eliminating any issue of unreasonable risk under subdivision (f), defendant had no right to submit additional evidence.  Accordingly, the trial court could not have abused its discretion in failing to consider the evidence.

### III.  DISPOSITION

The order of the trial court is affirmed.

_____
Margulies, J.

We concur:

_____
Humes, P.J.

_____
Banke, J.

6