Filed 12/2/15  P. v. Young CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061236 |
| v. | (Super.Ct.No. RIF74426) |
| TEDDY JEROME YOUNG, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge. Reversed.

Neil Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Minh U. Le, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Teddy Jerome Young appealed after the trial court denied his petition under Penal Code section 1170.126 for resentencing under the Three Strikes

Reform Act of 2012, or Proposition 36 (the Act). At issue is whether defendant's petition showed that he was eligible to be considered for resentencing. We initially affirmed the trial court's ruling, taking the view that an inmate, like defendant, who is simultaneously serving life terms for one offense, not violent or serious, and for another offense that is violent or serious, is not a person "whose sentence . . . would not have been an indeterminate life sentence" under the Act (§ 1170.126, subd. (a)). The California Supreme Court granted review and held the matter for decision of the issue in a similar case. The California Supreme Court has now decided *People v. Johnson* (2015) 61 Cal.4th 674, holding that an inmate is eligible for resentencing with respect to a current offense that is neither serious nor violent despite the presence of another current offense that is serious or violent. The matter has been transferred to us for reconsideration in light of *Johnson*. Under the guidance of the Supreme Court's opinion in *Johnson*, we now reverse the order denying defendant's petition for resentencing, and remand for reconsideration of the petition.

FACTS AND PROCEDURAL HISTORY

Defendant was convicted in 1997 of robbery (Pen. Code, § 211) and felony evading an officer (Veh. Code, § 2800.2). He had a large number of prior strike offenses from 1985 and 1989, consisting of 14 robbery convictions and two convictions of assault with a deadly weapon. Four of the strikes (three of the robberies and one of the assaults) involved great bodily injury enhancements under Penal Code section 12022.7. In September 1997, defendant was sentenced to a three strikes term of 25 years to life for

2

the robbery, and a consecutive three strikes term of 25 years to life for the felony conviction of evading an officer. The court also imposed two five-year enhancements for prior serious felony convictions, and two one-year enhancements for prior prison terms. All enhancements were run consecutively to the other sentences. Defendant's total sentence was 62 years to life.

The Three Strikes Reform Act of 2012 (hereafter, the Act), which was passed under the ballot designation of Proposition 36, provided for a different sentencing scheme, going forward, for defendants whose purported third strike was a nonserious, nonviolent felony. The Act also added Penal Code section 1170.126, which provided a mechanism for defendants already sentenced under the old three strikes scheme, who were serving life sentences for a third strike that was not a serious or violent felony, to make an application for resentencing. If defendant comes within the ambit of the Act at all, he falls into the latter category, i.e., prisoners already serving a life sentence under the former version of the "Three Strikes" law.

On April 21, 2014, defendant filed a petition for resentencing under Penal Code section 1170.126. The petition sought resentencing solely for the Vehicle Code offense, which is not defined as a serious or violent felony. Defendant's petition asserted that, "[i]n passing Proposition 36 in the General Election of 2012, the electorate enacted section 1170.126," which, in pertinent part, "set up a mechanism for certain Three Strikers in prison to petition to have their sentences recalled and be resentenced." He argued that Penal Code section 1170.126, subdivision (e), applies per count, and not per

3

case, so that he should be deemed eligible to petition for two strike sentencing on any nonviolent, nonserious felony conviction, notwithstanding the existence of serious or violent felony convictions arising from the same case or proceeding.

At the hearing on defendant's petition, the court opined that Proposition 36 was intended to distinguish between third strikers who were serving indeterminate life (third strike) sentences based solely on nonserious and nonviolent offenses, and third strikers whose third strike sentences were based in any part on serious or violent felonies. In other words, the only inmates eligible for resentencing as potential second strikers should be inmates who were serving indeterminate life sentences for offenses that did not include any serious or violent—i.e., true third strike—felonies. The court stated, "it would make little sense and fly in the face of logic to allow a defendant who has multiple counts . . . to pick non-strike . . . counts to litigate even though they're excluded from the strike count. That is an absurd result that could not have been intended." The court denied defendant's petition.

Defendant filed a notice of appeal from the trial court's ruling denying his petition; he sought remand with directions for the trial court to consider his eligibility for resentencing on the nonviolent, nonserious count only. As noted, we initially affirmed the trial court's order, but we have been directed to reconsider the matter in light of the California Supreme Court's recent decision in *People v. Johnson*, *supra*, 61 Cal.4th 674. We now proceed to this reconsideration.

## ANALYSIS

### I. Standard of Review

The resolution of this case turns upon the proper interpretation of statutory language. "Statutory interpretation is a question of law. (*Reno v. Baird* (1998) 18 Cal.4th 640, 660 [76 Cal.Rptr.2d 499, 957 P.2d 1333].) Consequently, appellate courts apply their independent judgment when interpreting a legislative act. (*California Teachers Assn. v. San Diego Community College Dist.* (1981) 28 Cal.3d 692, 699 [170 Cal.Rptr. 817, 621 P.2d 856].)" (*People v. Brimmer* (2014) 230 Cal.App.4th 782, 790 [Fourth Dist., Div. Two].)

The court applies the same principles of construction to the interpretation of an initiative statute as to one enacted by the Legislature. (*People v. Bonillas* (1989) 48 Cal.3d 757, 780, citing *People v. Smith* (1983) 34 Cal.3d 251, 259 [general rules of statutory construction apply to initiative measures adopted by vote of the people].) " ' "The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.]" ' [Citation.]" (*People v. Superior Court (Cervantes)* (2014) 225 Cal.App.4th 1007, 1014.) Thus, "[i]n the case of a . . . provision adopted by the voters, their intent governs. [Citations.]" (*People v. Jones* (1993) 5 Cal.4th 1142, 1146.)

" ' "The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.]" ' (*Horwich v. Superior Court* (1999) 21 Cal.4th 272, 276 [87 Cal.Rptr.2d 222, 980 P.2d 927].) 'In

5

determining intent, we look first to the words themselves. [Citations.] When the language is clear and unambiguous, there is no need for construction. [Citations.] When the language is susceptible of more than one reasonable interpretation, however, we look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part. [Citations.]' (*People v. Woodhead* (1987) 43 Cal.3d 1002, 1007-1008 [239 Cal.Rptr. 656, 741 P.2d 154]; see *People v. Verduzco* (2012) 210 Cal.App.4th 1406, 1414 [149 Cal.Rptr.3d 200].) [¶] We also ' "refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' (*People v. Rizo* [(2000)] 22 Cal.4th [681], at p. 685.) 'Using these extrinsic aids, we "select the construction that comports most closely with the apparent intent of the [electorate], with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences." [Citation.]' (*People v. Sinohui* (2002) 28 Cal.4th 205, 212 [120 Cal.Rptr.2d 783, 47 P.3d 629].) ' " 'The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible. [Citation.]' " ' (*People v. Mohammed* (2008) 162 Cal.App.4th 920, 928 [76 Cal.Rptr.3d 372].) ' "[W]e do not construe statutes in isolation, but rather read every statute 'with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness.'

6

[Citation.]" [Citation.]' (*Horwich v. Superior Court*, *supra*, 21 Cal.4th at p. 276.)"

(*People v. Brown* (2014) 230 Cal.App.4th 1502, 1508-1509 [Fourth Dist., Div. Two].)

We now apply these principles to the issue at hand.

II. <u>Defendant Was Eligible for Resentencing for His Nonviolent, Nonserious Felony</u>

Penal Code section 1170.126, subdivision (e), sets forth the criteria for eligibility for resentencing: "(e) An inmate is eligible for resentencing if: [¶] (1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7. [¶] (2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12. [¶] (3) The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." That is, the inmate may be eligible for resentencing if: (1) the inmate is serving a third strike life term for a felony that is not serious or violent; (2) the inmate has no specified "disqualifying factors" for any current offenses, such as certain sex offenses, drug charges, use of firearms or great bodily injury; and (3) prior offenses do

7

not include specified crimes such as certain sex offenses, homicide crimes, certain assaults on peace officers, or felonies punishable by life imprisonment or death.

Defendant argues that he is eligible under section 1170.126, subdivision (e)(1), because he is serving an indeterminate term of life imprisonment imposed under the Three Strikes law for a felony that was and is not defined as serious or violent, namely, evading an officer, a Vehicle Code offense. Defendant urges that Penal Code section 1170.126, subdivision (e)(1), contains no suggestion that an accompanying serious or violent felony (for which the inmate will be ineligible to seek resentencing) renders the inmate also ineligible to seek resentencing on the nonserious three strike felony.

The California Supreme Court in *Johnson*, *supra*, 61 Cal.4th 674 considered the People's argument that subdivision (a) of section 1170.126, must refer to an aggregate sentence, rather than a count-by-count sentence. Penal Code section 1170.126, subdivision (a), states that the resentencing provisions "are intended to apply exclusively to persons presently serving an indeterminate term of imprisonment pursuant to [the third strike sentencing requirements], whose sentence under this act would not have been an indeterminate life *sentence*." (§ 1170.126, subd. (a), italics added.) The People had argued that the word "sentence" in subdivision (a) unambiguously refers to an inmate's aggregate sentence. Under the People's interpretation, an inmate's "sentence" would remain an indeterminate life sentence. Therefore, any inmate in defendant's position

would not come within the class of persons to whom the resentencing provisions are intended to apply. (*People v. Johnson*, *supra*, 61 Cal.4th 674, 688.)

However, the California Supreme Court found the word " 'sentence' " ambiguous in the context of the Act. " 'Sentence' is not defined in either the Penal Code or in the Act. In the context of the Three Strikes law, we have referred to both the term imposed for a single crime and to the aggregate term imposed for multiple crimes as a 'sentence.' [Citations omitted.] Thus, 'sentence' is ambiguous." (*People v. Johnson*, *supra*, 61 Cal.4th 674, 688.) The court went on to note that, "Historically, sentencing under the Three Strikes law has focused on the sentence to be imposed with respect to each count individually, as illustrated by our cases addressing the trial court's authority to dismiss prior strikes. . . ." (*Ibid*.) In exercising its discretion whether to dismiss strike priors, the court's decisions have stressed " ' " ' "individualized considerations," ' " ' " (id. at p. 689) including such factors as the nature of a defendant's current felonies, and a defendant's future "prospects." (*Ibid*., citing *People v. Garcia* (1999) 20 Cal.4th 490, 499.) A court is empowered to consider whether to dismiss a strike prior as to each individual offense of which a defendant may be currently convicted. A court might be persuaded to dismiss a strike prior with respect to one new felony offense, and yet not to dismiss the same strike with respect to another, precisely based on the " ' " ' "individualized considerations" ' " ' " (*People v. Johnson*, at p. 689) arising from the nature of the offense or the effect on a defendant's "prospects." (*Ibid*.) In *People v. Garcia*, *supra*, 20 Cal.4th 490, the court applied the same reasoning when a trial court

was faced with requests to dismiss a strike prior as to two different current felony offenses. The *Garcia* court could " 'discern no reason for applying [this principle] differently simply because two convictions are part of a single proceeding rather than two different proceedings. Such a distinction finds no support in logic, the language of section 1385, or any decision interpreting that section.' (*Id.* at p. 499.)" (*People v. Johnson*, *supra*, 61 Cal.4th 674, 689.)

The voters enacted Proposition 36 with this background in place. "The Act amended the law to provide that if a defendant has two or more prior strikes, 'and the current offense is not a serious or violent felony . . . , the defendant shall be sentenced pursuant to [the second strike sentencing requirements] unless the prosecution pleads and proves any of the [disqualifying factors].' ([Pen. Code,] § 667, subd. (e)(2)(C); accord, § 1170.12, subd. (c)(2)(C).) In listing the disqualifying factors that relate to the current offense, it states that '[t]he current offense is' a specified drug offense or a specified sex offense, or '[d]uring the commission of the current offense,' the defendant took certain actions with a firearm 'or intended to cause great bodily injury.' (§§ 667, subd. (e)(2)(C)(i)–(iii), 1170.12, subd. (c)(2)(C)(i)–(iii).) Nothing in the statutory language suggests that the sentencing revisions apply only if each of a defendant's current offenses is neither serious nor violent. Thus, post-Proposition 36, a defendant convicted of a serious or violent felony and a felony that is neither serious nor violent will receive a sentence of at least 25 years to life for the former and, absent a statutory exception, a more lenient two-strikes sentence for the latter." (*People v. Johnson*, *supra*,

10

61 Cal.4th 674, 689-690.) Count-by-count treatment matched the historical approach to sentencing. In addition, there was nothing in the Act or in the ballot pamphlet that suggested an intent to treat defendants with post-Proposition 36 new offenses differently from those defendants seeking resentencing for pre-Proposition 36 three strikes offenses, with the sole exception of a provision granting the trial court discretion to deny a petition for resentencing if reducing the sentence would pose a danger to the public. Otherwise, the exceptions are identical with respect to new three strikes defendants and pre-Proposition 36 defendants seeking three strikes resentencing.

Like the California Supreme Court, we discern no reason, either in historical treatment of three strikes sentences or in the election materials supporting passage of the Act, to treat those seeking resentencing differently from those who face new three strikes sentences under the Act. If new third strike defendants are eligible for a sentence of at least 25 years to life for serious or violent felony offenses and for two strike sentences on other counts involving nonserious or nonviolent felony offenses, then pre-Proposition 36 defendants should be eligible to seek resentencing for individual felony counts that are not serious or violent felonies, notwithstanding that they have also been convicted of other serious or violent felony counts.

Allowing an inmate to petition for resentencing on nonserious, nonviolent counts fulfills the Act's stated purposes, as outlined in the voting materials: to make the punishment fit the crime, to reserve places in prison for dangerous felons, and to save the costs of incarcerating felons who are not dangerous. "By focusing on each count, the

11

amendments 'make the punishment fit the crime.' (Voter Information Guide, [Gen. Elec. (Nov. 6, 2012)] argument in favor of Prop. 36, p. 52, capitalization omitted.) This approach also provides that '[r]epeat criminals will get life in prison for serious or violent third strike crimes,' and '[r]epeat offenders of non-violent crimes will get more than double the ordinary sentence.' (*Ibid*.) Because a person convicted of a serious or violent felony will receive a minimum sentence of 25 years to life for that offense (§§ 667, subd. (e)(2)(A), 1170.12, subd. (c)(2)(A)), and will not be granted parole if the Board of Parole Hearings determines that 'consideration of the public safety requires a more lengthy period of incarceration . . .' (§ 3041, subd. (b); see *In re Vicks* (2013) 56 Cal.4th 274, 294-295 [153 Cal.Rptr.3d 471, 295 P.3d 863]), 'truly dangerous criminals will receive no benefits whatsoever from the reform' (Voter Information Guide, *supra*, argument in favor of Prop. 36, p. 52). And by reducing the sentence imposed for a count that is neither serious nor violent, the amendments allow an inmate who is also serving an indeterminate life term to be released on parole earlier if the Board of Parole Hearings concludes he or she is not a threat to the public safety, thereby 'mak[ing] room in prison for dangerous felons' and saving money that would otherwise be spent on incarcerating inmates who are no longer dangerous. (*Ibid*., capitalization omitted.)" (*People v. Johnson*, *supra*, 61 Cal.4th 674, 690-691.)

"In sum, [Penal Code] section 1170.126 is ambiguous as to whether a current offense that is serious or violent disqualifies an inmate from resentencing with respect to another count that is neither serious nor violent. Considering section 1170.126 in the

12

context of the history of sentencing under the Three Strikes law and Proposition 36's amendments to the sentencing provisions, and construing it in accordance with the legislative history, we conclude that resentencing is allowed with respect to a count that is neither serious nor violent, despite the presence of another count that is serious or violent. Because an inmate who is serving an indeterminate life term for a felony that is serious or violent will not be released on parole until the Board of Parole Hearings concludes he or she is not a threat to the public safety, resentencing with respect to another offense that is neither serious nor violent does not benefit an inmate who remains dangerous. Reducing the inmate's base term by reducing the sentence imposed for an offense that is neither serious nor violent will result only in earlier consideration for parole. If the Board of Parole Hearings determines that the inmate is not a threat to the public safety, the reduction in the base term and the resultant earlier parole date will make room for dangerous felons and save funds that would otherwise be spent incarcerating an inmate who has served a sentence that fits the crime and who is no longer dangerous." (*People v. Johnson*, *supra*, 61 Cal.4th 674, 694-695.)

Under the authority of *People v. Johnson*, we reach the same conclusion here. Defendant was not disqualified from seeking three strikes resentencing on a felony conviction that was not a serious or violent felony merely because he was also convicted of a serious or violent felony. The trial court erred in denying defendant's petition for resentencing on the basis that one of his current convictions was a serious or violent

13

felony.  The court's order denying defendant's petition must be reversed, and the matter will be remanded with directions to the trial court to reconsider defendant's petition.

DISPOSITION

The court's ruling, summarily denying his petition for resentencing, is reversed. The matter is remanded for reconsideration of defendant's eligibility for resentencing on his nonserious, nonviolent offense.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____<br>J.

We concur:


RAMIREZ_____
        P. J.


KING_____
        J.